THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00200-FL-2
No. 5:13-CV-00726-FL

| | |
|---|---|
| COJUAN DEVON BOYD, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the government's motion to dismiss [DE-70] Petitioner Cojuan Devon Boyd's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-59]. Petitioner filed a response in opposition to the government's motion [DE-73] and two notices of supplemental authority [DE-79, -80]. The motions are now ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On October 6, 2009, Petitioner pled guilty pursuant to a written plea agreement to distribution of fifty (50) grams or more of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. § 841(b)(1) and 18 U.S.C. § 2. [DE-37, -39]. As part of the plea agreement, Petitioner agreed, *inter alia*, to

> waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the

> applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Plea Agreement [DE-39] ¶ 2.c. Pursuant to 21 U.S.C. § 851, Petitioner was subject to an enhanced penalty under 21 U.S.C. § 841(b) of a minimum of twenty (20) years' imprisonment because he had been convicted of a prior felony drug offense. Information of Prior Conviction for Enhancement of Sentence [DE-17]. However, for reasons unrelated to the underlying predicate conviction, the court did not apply the mandatory minimum. Statement of Reasons [DE-49] at 1. Under the United States Sentencing Guidelines § 4B1.1, Petitioner was subject to the career offender enhancement and his guideline range was 262 to 327 months' imprisonment. Presentence Investigation Report ("PSR") [DE-15] at 9-10. On January 4, 2010, the district court sentenced Petitioner to 157 months' imprisonment, ten years of supervised release, and an $8,000.00 fine, and judgment was entered on January 11, 2010. [DE-47]; Judgment [DE-48] at 2-3, 5. Petitioner did not appeal his conviction or sentence.

On October 15, 2013, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pet'r's Mot. [DE-59]. Petitioner contends that (1) the Supreme Court's decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013) invalidated his conviction and sentence because the government did not allege a specific drug weight in the indictment; (2) defense counsel, the government, and the court provided ineffective assistance in advising Petitioner to plead guilty to an insufficient indictment in violation of Rule 11 of the Federal Rules of Criminal Procedure; and (3) he is actually innocent of the charge to which he plead guilty

2

because (i) the indictment did not include a drug weight and (ii) the prior conviction upon which the 21 U.S.C. § 851 enhancement was applied is not a felony because he was not sentenced to more than one year. Pet'r's Mot. at 4-7, 12, 14-21. The government in opposing Petitioner's motion contends that (1) Petitioner's motion is untimely pursuant to 18 U.S.C. § 2255(f)(1), and *Alleyne* does not apply retroactively to extend the limitations period pursuant to 18 U.S.C. § 2255(f)(3); (2) Petitioner's claims are barred by the waiver contained in his plea agreement; and (3) even assuming the motion is timely and the claim was not waived, *Alleyne* does not apply. Gov't's Mem. [DE-71] at 2-8. In Petitioner's response in opposition to the government's motion, he asserts that his petition is timely because it is based upon a newly recognized right made retroactively applicable by the Supreme Court. Pet'r's Resp. [DE-73] at 1-13. Petitioner filed two notices of supplemental authority regarding the cases of *Whiteside v. United States*, 748 F.3d 541, *reh'g en banc granted*, 578 F. App'x 218 (4th Cir. 2014) [DE-79] and *Persaud v. United States*, — U.S. —, 134 S. Ct. 1023 (2014) [DE-80].

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus §

3

2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

**B. Rule 12(b)(6)**

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); *see* Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S.

4

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. DISCUSSION

**A.     Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, Petitioner's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f) and equitable tolling does not apply; thus, the petition is untimely.

Petitioner filed his § 2255 motion on October 15, 2013, more than three years after the judgment in his case became final. [DE-48, -59]. Consequently, his motion is not timely under 28

5

U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion and thus § 2255(f)(2) is inapplicable.

Contrary to Petitioner's argument, *Alleyne* does not establish a newly recognized right made retroactively applicable by the Supreme Court, as required to satisfy § 2255(f)(3). First, to the extent Petitioner is relying on the Supreme Court's decision in *Alleyne* to argue his § 2255 motion is timely, his position has been rejected by this court, which previously recognized that "*Alleyne* does not apply retroactively on collateral review." *Dunn v. United States*, No. 5:11-CR-274-FL, 2014 WL 6694060, at *2 (E.D.N.C. Nov. 26, 2014) (unpublished) (citing *Barber v. United States*, No. 5:08-CR-279-FL-1, 2014 WL 6609739, at *2 (E.D.N.C. Nov. 20, 2014) (citing *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *United States v. Stewart*, 540 F. App'x. 171, 172 n.1 (4th Cir. 2013)); *Perdondo v. Taylor*, No. 5:12-HC-2304-FL, 2014 WL 773555, at *6 n.3 (E.D.N.C. Feb. 25, 2014)). Accordingly, *Alleyne* provides no basis for finding Petitioner's § 2255 motion timely under § 2255(f)(3).

Next, Petitioner's claim is not timely due to newly discovered facts. For purposes of § 2255(f)(4), "facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (holding that vacatur of petitioner's state conviction was a "fact" supporting his § 2255 challenge for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's own underlying conviction is not a "new fact" for purposes of triggering § 2255(f)(4). *Walton v. United States*, No. 2:07-CR-017-F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (unpublished) (citing *Thaggard v. United States*, No. 4:02-CR-41-H, 2013 WL 81380, at *2 (E.D.N.C. Jan. 7, 2013); *Dailey v. United States*, No. 7:06-CR-36-BO, 2012 WL 5471156, at *1 (E.D.N.C. Nov. 9, 2012); *United States v. Hardison*, No. 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011)).

6

Petitioner also provides as supplemental authority the case of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). However, *Whiteside* provides no basis for finding that his § 2255 petition was timely filed. In *Whiteside*, a panel of the Fourth Circuit determined that an erroneous application of the career offender enhancement was a fundamental miscarriage of justice warranting the application of equitable tolling so that an otherwise untimely § 2255 petition could be heard on the merits. 748 F.3d at 546-48. However, the Fourth Circuit's decision in *Whiteside* was vacated by the grant of rehearing en banc in *Whiteside v. United States*, 578 F. App'x 218 (4th Cir. July 10, 2014) (unpublished). *See Ebron v. United States*, No. 4:11-CR-45-D, 2014 WL 6851620, at *4 (E.D.N.C. Dec. 3, 2014) (unpublished) ("[T]he panel opinion in *Whiteside* has been vacated.") (citing 4th Cir. R. 35(c); *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 168 (4th Cir. 2009) (en banc)).

Moreover, on rehearing, the Fourth Circuit held en banc that Whiteside's § 2255 petition was untimely filed and that equitable tolling did not apply. *Whiteside v. United States*, 775 F.3d 180, 183-86 (4th Cir. 2014) (en banc). The court rejected the contention that the petitioner's claim was timely under § 2255(f)(4) because *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) qualified as a new "fact" for purposes of that provision. *Whiteside*, 775 F.3d at 183-86; *Keel v. United States*, No. 5:02-CR-271-BO-1, 2015 WL 450857, at *3 (E.D.N.C. Feb. 3, 2015) (unpublished) ("The Fourth Circuit's recent decision in *Whiteside v. United States*, No. 13-7152, 2014 WL 7245453 at *3 (4th Cir. Dec. 19, 2014) forecloses any argument that a subsequent court decision could qualify as new fact for purposes of motion to vacate a defendant's sentence."); *Evans v. United States*, No. 5:08-CR-54-FL, 2014 WL 309451, at *2 (E.D.N.C. Jan. 28, 2014) (unpublished) (concluding *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), did not change the

7

conclusion that the petition was untimely and declining to apply equitable tolling based on *Simmons*), *aff'd*, 590 F. App'x 257 (4th Cir. 2015) (citing *Whiteside*, 775 F.3d 180). Therefore, Petitioner's argument that his petition is timely under § 2255(f)(4) or that equitable tolling applies based on the panel decision in *Whiteside* and *Simmons* lacks merit.

The case of *Persaud v. United States*, — U.S. —, 134 S. Ct. 1023 (2014), which Petitioner provided as supplemental authority, likewise provides no basis for a finding that his petition was timely filed. Persaud was convicted of conspiracy with intent to distribute and distribution of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and received a mandatory sentence of life imprisonment. *Persaud v. United States*, No. 3:01-CR-36-FDW-7, 2012 WL 5902557, at *1 (W.D.N.C. Nov. 26, 2012), *aff'd in part, dismissed in part*, 517 F. App'x 137 (4th Cir. 2013), *cert. granted, judgment vacated*, 134 S. Ct. 1023 (2014). On appeal, the Fourth Circuit rejected Persaud's argument that the district court erred in enhancing his sentence pursuant to 21 U.S.C. § 851 because the two prior felony drug convictions on which the enhancement was based were not proven to a jury and the enhancement increased his statutory penalty from twenty years to life to mandatory life imprisonment. *United States v. Persaud*, 87 F. App'x 869, 873 (4th Cir. 2004) (unpublished).

Persaud next filed a motion under § 2255, which the district court dismissed and the Fourth Circuit subsequently dismissed on appeal. *Persaud*, 2012 WL 5902557, at *1 (citing *United States v. Persaud*, 215 F. App'x 243, 2007 WL 312691 (4th Cir. Jan. 30, 2007) (unpublished)). Persaud later filed a second motion under § 2255 and alternatively sought relief pursuant to 28 U.S.C. § 2241. *Id.* The district court denied the § 2255 motion as second or successive. *Id.* at *2. The district court also denied relief under § 2241, reasoning Persaud had failed to demonstrate that the remedy under

8

§ 2255 was inadequate or ineffective because Persaud sought to challenge his sentence and not the legality of his conviction. *Id.* at *2-3. On appeal, the Fourth Circuit denied a certificate of appealability on the § 2255 claim, dismissed that portion of the appeal, and affirmed the district court's denial of relief under § 2241. *United States v. Persaud*, 517 F. App'x 137, 138 (4th Cir. 2013), *cert. granted, judgment vacated*, 134 S. Ct. 1023 (2014).

Persaud filed a petition for writ of certiorari to the Supreme Court and the government filed a brief in support of the petition. *Persaud*, 134 S. Ct. 1023. Expressing no view on the merits, the Court vacated the judgment and remanded the case to the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." *Id.* On remand to the Fourth Circuit, the parties filed a Joint Motion to Remand the case to the district court. *Persaud v. United States*, No. 12-8068, Joint Mot. to Remand [DE-22] (4th Cir. Apr. 28, 2014). The parties explained that the government, in its brief before the Supreme Court, asserted for the first time a new position "in the wake of *Alleyne* . . . that imposing a mandatory minimum sentence based on the defendant's prior conviction, when that conviction is legally ineligible to justify the mandatory term, is fundamentally error that may properly support relief under § 2241." *Id.* ¶ 13. The parties further explained that

> The government believes Persaud is entitled to relief for two reasons. First, the defendant was sentenced for an "aggravated offense" for which he is not legally eligible. *See Simmons*, 649 F.3d at 244 (concluding, based on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 257 (2010), that a state-law "conviction" predicated on a recidivist enhancement is likewise an "aggravated offense"); *see id.* at 246 (reading *Carachuri* to find "'*separate and distinct' offenses* of 'misdemeanor simple possession' and 'felony simple possession'" in the federal drug laws, 21 U.S.C. § 844(a) (quoting *Carachuri*, 130 S. Ct. 2581 n.3) (emphasis added)). And, second, such a complete deprivation of sentencing discretion by the erroneous imposition of a mandatory minimum sentence is a fundamental error that itself violates due process. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

9

*Id.* ¶ 15. The Fourth Circuit, expressing no view on the merits, remanded the case to the district court for further proceedings. *Id.*, May 7, 2014 Order [DE-25]. The case is presently stayed in the district court pending a decision in the case of *United States v. Surratt*, No. 14-6851 (4th Cir.), which is currently pending before the court of appeals and presents the same issue. *Persaud v. United States*, No. 3:12CV509, 3:01CR36-7 (W.D.N.C.).

The instant case is materially distinguishable from *Persaud*, because here Petitioner was not sentenced based on imposition of a mandatory minimum, but rather received a below-guideline sentence. The government did file a notice that, pursuant to 21 U.S.C. § 851, Petitioner was subject to an enhanced penalty under 21 U.S.C. § 841(b), a minimum of twenty (20) years' imprisonment, because he had been convicted of a prior felony drug offense. Information of Prior Conviction for Enhancement of Sentence [DE-17]. However, at sentencing the court did not apply the 20-year mandatory minimum and imposed a lesser sentence. Statement of Reasons [DE-49] at 1. Departing from the advisory guideline range of 262 to 327 months' imprisonment, *id.*, the district court imposed a below-guideline-range sentence of 157 months' imprisonment, Judgment [DE-48] at 2. Thus, the circumstances here fail to establish a "complete deprivation of sentencing discretion by the erroneous imposition of a mandatory minimum sentence" that the government in *Persaud* argues "is a fundamental error that itself violates due process." *Persaud*, No. 12-8068, Joint Mot. to Remand ¶ 15; *see Perez-Garcia v. United States*, No. 3:01-CR-36-FDW-1, 2014 WL 5605060, at *3 n.5 (W.D.N.C. Nov. 4, 2014) (unpublished) (finding the petitioner's reliance on *Persaud* was misplaced where he was seeking relief from a within-guidelines sentence and not a mandatory term of life imprisonment as was the case in *Persaud*). Furthermore, as *Persaud* considers whether relief is appropriate under § 2241 and Petitioner here seeks relief pursuant to § 2255, it would be futile to

construe this claim as one filed under § 2241 because *Persaud* is substantively inapposite as discussed. Accordingly, *Persaud* provides no basis on which to find Petitioner's § 2255 petition timely filed.

With regards to equitable tolling, the Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). As discussed above, the Fourth Circuit has declined to apply equitable tolling based on *Simmons*, *Whiteside*, 775 F.3d at 184-86, and there are no other circumstances presented that could be characterized as extraordinary that prevented Petitioner from timely filing. Accordingly, equitable tolling does not apply in this case.

Having considered Petitioner's arguments, the undersigned concludes that Petitioner's § 2255 motion was not filed within one year of any of the circumstances described in § 2255(f) and equitable tolling does not apply. Accordingly, it is recommended that Petitioner's § 2255 motion be dismissed as untimely.

**B.      Alternative Grounds for Dismissal**

The government alternatively contends, in a somewhat cursory fashion, that Petitioner's motion fails on the alternative grounds that he did not raise on appeal the issues presented in his motion, his claims (with the exception of an ineffective assistance of counsel claim) are barred by his appeal waiver, and the *Alleyne* claim fails on the merits. Gov't's Mem. at 8. Having determined

11

that the motion is untimely, the government's remaining arguments need not be considered.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the government's motion to dismiss [DE-70] be ALLOWED and Petitioner's § 2255 petition [DE-59] be DENIED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO SUBMITTED, this the 5 day of March 2015.

Robert B. Jones, Jr.
United States Magistrate Judge